IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| FIDEL DAVIS | § | |
| v. | § | CIVIL ACTION NO. 5:14cv124 |
| OFFICER FREEMAN, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

The Plaintiff Fidel Davis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff filed a motion for nominal and punitive damgaes based on cruel and unusual punishment, arguing that he was entitled to such damages because he was denied due process in a prison disciplinary hearing. The Magistrate Judge construed this request as a motion for judgment on the pleadings, which is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. Fed. R. Civ. P. 12(c); Hebert Abstract v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990).

After review of the motion and the pleadings, the Magistrate Judge issued a Report recommending Jackson's motion for judgment on the pleadings be denied. The Magistrate Judge stated Jackson did not allege or show the material facts were not in dispute, but set out his own version of the facts and argued he was entitled to judgment based on that version. Jackson thus did not meet the requirements for a Rule 12(c) motion.

1

In his first set of objections, Plaintiff argues the disciplinary case of which he complains was overturned, which he contends proves his due process rights were violated. As the Fifth Circuit has explained, the Constitution does not guarantee that only the guilty will be arrested; if it did, §1983 would provide a cause of action for defendant acquitted and every suspect released. Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982). Similarly, the Constitution does not provide a cause of action for every inmate whose disciplinary case is overturned on appeal. *See* Romero v. Lann, civil action no. 5:06cv82, 2007 U.S. Dist. LEXIS 48926 (E.D.Tex., July 6, 2007), *aff'd* 305 F.App'x 242, 2008 U.S. App. LEXIS 26586 (5th Cir., December 29, 2008). Nor has Plaintiff shown the material facts are not in dispute concerning his claim of denial of due process.

In his supplemental objections, Plaintiff again contends the disciplinary case was overturned and the unit declined to rehear it. He states Warden Grounds went against policy in denying his Step One appeal of the disciplinary conviction, but fails to show the material facts are not in dispute or he is entitled to judgment in favor based on the fact his disciplinary conviction was overturned on appeal. Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 32) is ADOPTED as the opinion of the District Court. It is further

ORDERED the Plaintiff's motion for judgment on the pleadings (docket no. 29) is hereby DENIED.

**So ORDERED and SIGNED this 28th day of December, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE