IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| FIDEL DAVIS | § | |
| v. | § | CIVIL ACTION NO. 5:14cv124 |
| OFFICER FREEMAN, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Fidel Davis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. §636(c). The remaining defendants in the case are Officer Brian Freeman, Warden Dawn Merchant, and Captain Dennis Martin.

**I. The Plaintiff's Second Amended Complaint**

Plaintiff's second amended complaint (docket no. 26) is the operative pleading in the case. *See* King v. Dugan, 31 F.3d 344, 346 (5th Cir. 1994) (amended complaint supersedes the original and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading). This complaint reads as follows:

> FNU Freeman was searching J Pod 44 [while] Fidel Davis and witness James Batiste were in shower. On 6-12-13 Kool-Aid and coffee was found In James Batiste's locker. On 6-27-13 Captain Martin on record said he [accepted] what James Batiste gone [sic] say on record. James state I was at law library bag of coffee and Kool0Aid was in his locker.
>
> 6-29-13 I was found guilty of case [and] receive restrictions and Officer Freeman curse me out. Same day Officer Freeman use profanity and threats words, do I want him to cut my neck and feed me my own blood like baby food.
>
> Captain Martin believe in frivolous evidence that cause Mr. Davis' parole date [to] get set back due to major case. On 7-22-13 Warden D. Grounds who is warden D. Merchant now said it was [sic] procedural errors identified, when she know contraband items should be photographed when excluded, or photo.

1

Plaintiff's earlier complaint also named Officer T. Evans in an unrelated incident in which Evans allegedly used force on him, but this incident does not appear in Plaintiff's second amended complaint.

Plaintiff attached a Step Two grievance appeal form to his second amended complaint. In this grievance appeal, Plaintiff states several of his procedural rights were violated and the punishment imposed at the hearing was too severe. At the hearing, Martin said Plaintiff would receive 40 days of recreation, commissary, and cell restrictions and a "double check reprimand." However, Plaintiff's right to due process was violated because according to TDCJ rules, a major disciplinary hearing should be scheduled as soon as practicable, but not later than seven days after the alleged violation (excluding weekends and holidays). Plaintiff's disciplinary write-up says June 12, 2013, but the hearing was held on June 27, 2013.

Plaintiff's grievance appeal also contended: loss of privileges is not supposed to exceed a total of 90 days; he did not receive notice of the case within 24 hours; Freeman lied in the disciplinary write-up by saying Plaintiff admitted the contraband was his; Freeman cursed at him in a low voice at the hearing but Captain Martin said he did not hear Freeman; Martin threatened to end the hearing without Plaintiff; Freeman threatened him later that day; and he, Plaintiff, does not have to actually get assaulted before obtaining relief. The response to this grievance appeal advised him the disciplinary case would be overturned and his records corrected, and the option to rehear the case would be left to the warden's discretion. (Docket no. 26-1, p. 1).

## II. The Defendants' Motion for Judgment on the Pleadings

In their motion for judgment on the pleadings, the Defendants argue Warden Merchant was not personally involved in any acts depriving Plaintiff of his constitutional rights. Instead, Plaintiff complains Merchant denied his Step One grievance by saying there were no procedural errors, even though such errors were ultimately identified and the case overturned.

The Defendants also assert Plaintiff did not show the denial of a constitutionally protected liberty interest because the punishments imposed on him do not implicate any due process concerns;

2

the fact the case was later overturned also does not implicate any due process concerns; the allegations of threats by Freeman do not set out constitutional claims; the Defendants are entitled to Eleventh Amendment immunity from claims for money damages against them in their official capacities; and, the Defendants are entitled to qualified immunity from claims for money damages against them in their individual capacities.

### III. The Plaintiff's Response

In his response to the motion for judgment on the pleadings, Plaintiff states "defendants' lawyer argues about Davis did not name Evans as a defendant in his most recent amended complaint, which defendants' lawyer is behind Davis' amended complaint by taking T. Evans off complaint." (Docket no. 55, p. 1). He argues he has proven a denial of due process in several previously filed motions and cites the Eighth Circuit's decision in McDonnell v. Wolff, 483 F.2d 1059 (8th Cir. 1973), *aff'd in part and reversed in part* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), as saying a person's liberty is protected by the due process clause even when the liberty itself is a statutory creation of the state.

Plaintiff asserts his due process rights were violated in several ways and again claims the contraband belonged to his cellmate. Captain Martin stated he would accept Batiste's statement the contraband belonged to him, but then Martin believed frivolous evidence presented by the charging officer.

Plaintiff states the case was overturned because of a failure to document the reason for denial of his cross-examination. The case was not reheard. He claims Warden Merchant was wrong because she did not review the surveillance camera or the recorder to weigh the evidence Plaintiff presented, and the fact the case was overturned proves Merchant was wrong. Captain Martin did not do his job according to policy. Freeman did not try to get a sergeant to investigate the case. The Defendants are not entitled to qualified immunity because they "make up stuff or try to cover up their wrongdoing." (Docket no. 55, p. 5).

3

**IV. Legal Standards and Analysis**

Plaintiff's complaint centers around a disciplinary case he received for possession of contraband, and the first issue to consider is whether his claims implicate any protected liberty interests. The Supreme Court has held the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

While some prior cases held the mandatory or discretionary language of the regulations involved determined whether or not a liberty interest existed, the Supreme Court announced in Sandin that this analytical framework has "strayed from the real concerns undergirding the liberty protected by the Due Process Clause." Rather than examining the language of the regulations, the Supreme Court specifically disapproved of the mandatory or discretionary language analysis, stating the operative interest involved was the nature of the deprivation. Sandin, 515 U.S. at 482 and n. 5. In other words, those deprivations - the punishments imposed as a result of the challenged disciplinary case - which do not exceed the prisoner's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, and which do not impose atypical or significant hardships upon the prisoner in relation to the ordinary incidents of prison life, do not implicate any constitutionally protected liberty interests.

The Supreme Court cited Vitek v. Jones, 445 U.S. 480, 493-94, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to mental hospital triggers Due Process Clause) and Washington v. Harper, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (involuntary administration of psychotropic drugs implicates Due Process Clause), as examples of restraints which trigger the Due Process Clause of their own force, but stated the incarceration in disciplinary segregation present in Sandin did not create the type of deprivation in which the State might have created a liberty interest.

Sandin, 515 U.S. at 479 n.4, 482. As a result, the Supreme Court held neither the prison regulations at issue nor the Due Process Clause itself afforded the inmate a protected liberty interest entitling him to the procedural protections of Wolff v. McDonnell, 418 U.S. at 563-66. Sandin, 515 U.S. at 484. The fact the plaintiff was not permitted to call witnesses at his disciplinary hearing was not sufficient to afford him relief because no protected liberty interest was at stake.

Plaintiff states the punishments imposed on him include 40 days of cell, recreation, and commissary restrictions and a "double check reprimand." None of these punishments exceeded Plaintiff's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nor did they impose atypical or significant hardships in relation to the ordinary incidents of prison life. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Because the deprivations imposed upon Plaintiff did not implicate any constitutionally protected liberty interests, he has not set out a viable claim under 42 U.S.C. §1983. Sandin, 515 U.S. at 487.

Plaintiff claims the disciplinary case caused his parole date to be set back, but acknowledges the case has been overturned. Even assuming his parole date was not restored, this also would not implicate a protected liberty interest because Texas inmates have no constitutional right or expectancy to release on parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Plaintiff has not shown the punishments imposed in the disciplinary case implicated any constitutionally protected liberty interests, his due process claims concerning this case fail to state a claim upon which relief may be granted.

Plaintiff complains Warden Merchant denied his Step One grievance. Inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, meaning there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). Even if Merchant was wrong in not granting Plaintiff's grievance and overturning the disciplinary case at the Step One level, Plaintiff has not thereby shown a constitutional deprivation. *See* McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983) (no constitutional right to error-free decision-making).

Plaintiff also complains Officer Freeman cursed at him and threatened him. The Fifth Circuit has stated mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Bender v. Brumley, 1 F.3d 271, 274 n.3 (5th Cir. 1993); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). The use of words, no matter how violent, does not comprise a section 1983 violation. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973). This contention fails to state a claim upon which relief may be granted.

Plaintiff alleged in his original complaint Officer Freeman denied him a food tray on one occasion. Even assuming this claim is properly before the Court, the fact an inmate misses one meal does not rise to the level of a constitutional deprivation. Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999). This assertion likewise fails to state a claim upon which relief may be granted.

Plaintiff's earlier complaints raised a claim against Officer Evans for an unrelated use of force incident occurring in July of 2014, but these claims were dropped in Plaintiff's second amended complaint. Because this second amended complaint is the operative pleading, Plaintiff in effect dismissed this claim without prejudice. King, 31 F.3d at 346; Canal Ins. Co. v. Coleman, 625 F.3d 244, 246 (5th Cir. 2010) (where amended complaint dropped a claim, that claim was "no longer part of this lawsuit.")

The Defendants contend they are entitled to Eleventh Amendment immunity as to claims for monetary damages brought against them in their official capacities and qualified immunity as to claims for monetary damages brought against them in their individual capacities. To the extent Plaintiff seeks damages from the Defendants in their official capacities, the Defendants are entitled to Eleventh Amendment immunity. Hafer v. Melo, 112 S.Ct. 358, 363 (1991); Oliver v. Scott, 276 F.3d 736, 738 (5th Cir. 2002).

The invocation of qualified immunity applies to claims brought against government officials in their individual capacities. The defense of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Thompson v. Mercer, 762

6

F.3d 433, 436-37 (5th Cir. 2014). Claims of qualified immunity require a two-step analysis, which may be done in either order: first, the court determines whether a constitutional right would have been violated on the facts alleged, and second, whether the right was clearly established at the time of the alleged violation. Kitchen v. Dallas County, 759 F.3d 468, 476 (5th Cir. 2014). Even if the official's conduct violated a clearly established constitutional right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable. Jones v. Collins, 132 F.3d 1048, 1052 (5th Cir. 1998).

After the defendants properly invoke qualified immunity, the plaintiffs bear the burden to rebut its applicability. Kovacic v. Villareal, 628 F.3d 209, 211 (5th Cir. 2010). Such a rebuttal requires a showing that all reasonable officials, similarly situated, would have known the defendant's acts violated the Constitution. Tamez v. Matheny, 589 F.3d 764, 770 n.2 (5th Cir. 2009); Thompson v. Upshur County, 245 F.3d 447, 460 (5th Cir. 2001). Conclusory allegations are insufficient to overcome the qualified immunity defense. Williams-Boldware v. Denton County, Texas, 741 F.3d 635, 643-44 (5th Cir. 2014).

Plaintiff's pleadings fail to show the Defendants violated any clearly established constitutional rights or that their conduct was objectively unreasonable. He has failed to overcome the defenses of qualified immunity or Eleventh Amendment immunity.

**V. Conclusion**

A motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. Hebert Abstract v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990). The motion for judgment on the pleadings is subject to the same standards applicable to motions to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Phillips v. City of Dallas, 781 F.3d 772, 775 (5th Cir. 2015).

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. Montoya v. FedEx Ground Packaging System Inc., 614 F.3d 145, 149 (5th Cir. 2010), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Hershey v. Energy Transfer Partners, L.P., 610 F.3d 239, 245 (5th Cir. 2010); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. Bell Atlantic, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. Whatley v. Coffin, 496 F.App'x 414, 2012 U.S. App. LEXIS 22894 (5th Cir., November 7, 2012), *citing* Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).

Plaintiff's complaint fails to state a claim upon which relief may be granted because he fails to show the deprivation of any constitutionally protected liberty interest or that the named defendants violated any rights secured by the Constitution or laws of the United States. The Defendants' motion for judgment on the pleadings should be granted and the lawsuit dismissed with prejudice. *See* Perry v. Kirkpatrick, civil action no. 5:09cv134, 2010 U.S. Dist. LEXIS 89418 (E.D.Tex., July 20, 2010), *Report adopted at* 2010 U.S. Dist. LEXIS 89410 (E.D.Tex., August 25, 2010) (granting motion for judgment on the pleadings and dismissing claims against certain defendants with prejudice). It is accordingly

**ORDERED** the Defendants' motion for judgment on the pleadings (docket no. 50) is **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE**. Any claims raised by Plaintiff about Officer Evans or concerning the alleged use of force involving Evans in July of 2014 are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 3rd day of June, 2016.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE